MAR 28 1980

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE CORN DERIVATIVES ANTITRUST )    DOCKET NO. 414
LITIGATION )

OPINION AND ORDER

---

BEFORE ANDREW A. CAFFREY, CHAIRMAN, AND ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, AND ROBERT H. SCHNACKE, JUDGES OF THE PANEL

PER CURIAM

    On November 20, 1950, the Federal Trade Commission (FTC) issued a decision and order to cease and desist in In re Corn Products Refining Company, et al., FTC Docket No. 5502. The FTC found that eight corporate defendants had violated the provisions of Section 5(a) of the Federal Trade Commission Act, as amended, 15 U.S.C. §45(a), by conspiring to fix the prices, terms or conditions of sale of "corn derivatives" (products of the processing of corn including, inter alia, corn syrup, pearl starch, dextrin, corn sugar and corn oil). The cease and desist order became final on January 19, 1951.

    On December 7, 1979, the Antitrust Division of the United States Department of Justice commenced a civil action in the Northern District of California against the eight corporate defendants involved in the earlier FTC proceeding.[1]

---

[1] One of these defendants asserts that it was not formed until 1971, and **that it may have been erroneously** included as a defendant in the Government's recent civil action.

The complaint in this action alleges that, since at least December, 1974, until the present, these eight defendants have violated the terms of the FTC cease and desist order. The complaint seeks civil penalties and equitable relief.

On December 27, 1979, the Government filed a motion to stay its civil action until further order of the court on the ground that a grand jury in the Northern District of California will be investigating, inter alia, the same conduct that forms the basis of the Government's civil action. That motion has not yet been ruled upon. The Government has advised the Panel that grand jury subpoenas recently have been issued for service upon the eight defendants, among others.

Shortly after the filing of the Government's recent civil action, a number of private civil actions were filed in this litigation. Presently before the Panel are 26 actions pending in a total of four federal districts: eighteen in the Northern District of California;[2/] four in the Eastern District of Pennsylvania; two in the District of Minnesota, and one each in the District of New Jersey and the Central District of California. Each of these actions was commenced under Section 1 of the Sherman Act, and the allegations of the complaints, which are virtually identical, basically track the allegations of the Government's recent civil action.

Each of the private actions was filed as a purported **class action on behalf of various purchasers of corn deriva-**

---

[2/] Plaintiff in one of these actions presently is seeking to dismiss its action without prejudice.

tives. While there are some variations in the descriptions of the classes that plaintiffs seek to represent, all are nationwide classes of all, or some group of, corn derivatives purchasers. The eight defendants named in the Government's recent civil action and in the earlier FTC action are named as defendants in all or most of the private actions. One action also names as defendants four additional corporations.

Each of the actions before the Panel was commenced within the past few months, and pretrial proceedings are not in an advanced stage in any of these actions.

This litigation is before the Panel on the motions of two defendants, pursuant to 28 U.S.C. §1407, for transfer of all private actions to the Northern District of California for coordinated or consolidated pretrial proceedings.[3/] All responding parties agree on the propriety of transfer. Plaintiffs in 23 of the 26 actions before the Panel and one additional defendant support movants' choice of the Northern District of California as the transferee forum. Five defendants favor transfer to the Southern District of New York. Plaintiffs in the remaining three actions before the Panel favor transfer to, alternatively, the Southern District of New York, the District of New Jersey, or the Eastern District of Pennsylvania. No other parties have responded before the Panel.

---

3/ These parties have stated that they anticipate that additional actions may be filed in this litigation. Any additional actions will be treated as potential tag-along actions. See Rules 1, 9 and 10, R.P.J.P.M.L., 78 F.R.D. 561, 562, 567-69 (1978).

- 4 -

We find that these actions involve common questions of fact and that centralization of the actions under Section 1407 in the District of New Jersey will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

The parties that favor the Northern District of California as the transferee district argue that because the defendants and the plaintiffs in this litigation are scattered throughout the entire nation, no one federal district appears to constitute a "center of gravity" for the litigation. Under these circumstances, these parties maintain, the Northern District of California would clearly be the most appropriate transferee forum for the following reasons: (1) the Government's civil action, as well as the grand jury investigation, are pending in the Northern District of California and these proceedings will inevitably generate a wealth of documents and other evidence that may be relevant to the private actions; (2) the Northern District of California is an easily accessible and convenient forum for the parties, witnesses and counsel involved in this litigation; (3) eighteen of the 26 actions presently before the Panel are pending in the Northern District of California; and (4) a majority of the responding parties favor centralization in that district.

The parties that favor centralization of the private actions in the Southern District of New York argue as follows: (1) a majority of the potential witnesses and most of the relevant documents are "undoubtedly" located at the principal

places of business of the eight defendants named in the Government's recent civil action, and these principal places of business are maintained either in or near New York or in the Midwest; (2) counsel for the plaintiffs, as well as most counsel who represent the eight defendants and who are well acquainted with the underlying facts in this litigation, are predominantly located in either the Eastern United States or in the Midwest; and (3) New York is "far more accessible" to the parties, the witnesses and counsel than San Francisco.

The parties that have urged the Panel to centralize these actions in the Southern District of New York discount the importance of the pendency of the Government's civil action in the Northern District of California. Five of the eight defendants involved in the Government's civil action state in their papers before the Panel that they recently have moved to transfer that action to the Southern District of New York pursuant to 28 U.S.C. §1404. At any rate, these defendants state, the Government presently is seeking a stay of all proceedings in that action.

The parties favoring transfer to the Southern District of New York also urge the Panel not to assign a great deal of significance to the pendency of the grand jury investigation in the Northern District of California. These parties state that the grand jury investigation is at an incipient stage; that the results of the investigation will probably not be known for a substantial period of time; that there can be no certainty that the grand jury, upon completion of

its investigation, will take any action against any entity or person; and that plaintiffs have already demonstrated a desire to move ahead with discovery without waiting for possible access to grand jury materials.

As previously noted, plaintiffs in three actions who favor centralization in the Southern District of New York alternatively urge the Panel to centralize these actions in either the Eastern District of Pennsylvania or the District of New Jersey. These plaintiffs basically favor centralization in the District of New Jersey because that district (a) is very near to the Southern District of New York, and (b) has a very favorable civil (and, in particular, multidistrict and class action) caseload in comparison to the other transferee districts that have been suggested in this litigation. These plaintiffs also urge that the Eastern District of Pennsylvania might be an appropriate transferee district because of its proximity to New York City and because many counsel involved in this litigation maintain their offices in Philadelphia, New York and/or Washington, D. C.

We have evaluated and weighed all the relevant factors concerning the selection of a transferee district, and are of the view that any of the districts that have been suggested as a transferee forum for this litigation could be described as appropriate. On balance, however, we conclude that the District of New Jersey is preferable. We agree with those parties before us who have candidly recognized that, because the parties, the potential witnesses and

the potentially relevant documents are widespread, no one transferee district emerges as the "center of gravity" for this litigation. Nevertheless, we are **persuaded by** the arguments of the parties who favor an eastern transferee forum that this litigation has an eastern tilt because of the location of all eight of the major defendants' headquarters in the eastern half of the country. Thus, many key witnesses and relevant documents will be located in that area. Furthermore, the District of New Jersey stands out because, according to the latest statistics available, that district is in the best position to process this litigation toward its most expeditious conclusion. For example, as of June 30, 1979, only 68 class actions were pending in the District of New Jersey, whereas the Southern District of New York, the Northern District of California and the Eastern District of Pennsylvania had, respectively, 246, 220 and 156 pending class actions.[4/] <u>1979 Annual Report of the Director of the Administrative Office of the United States Courts</u>, Table 36 at 79. In addition, the District of New Jersey has drastically fewer multidistrict litigations than any of the other suggested transferee districts. <u>See id</u>. at 90-91 (Table 44). And the District of New Jersey has disposed of its cases quicker than the other three districts. <u>Compare Management Statistics for United States Courts 1979</u>, "From Filing to Disposition" at 30 (Administrative

---

4/ The District of New Jersey also has significantly less class actions per judge than the other three **districts.**

Office of the United States Courts) with id. at 24, 31 and 101.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the District of New Jersey be, and the same hereby are, transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable **Clarkson S. Fisher for coordinated or consoli-**dated pretrial proceedings with the action already pending in that district and listed on Schedule A.

DOCKET NO. 414

SCHEDULE A                                    page 1

Northern District of California

Virnelson Bakery, Inc., v. CPC International, Inc., et al., C.A. No. C79-3731-WAI

Adeline Bake Shops, Inc. v. CPC International, Inc., et al., C.A. No. C79-3857-WAI

Health Care Industries, Inc. v. CPC International, Inc., et al., C.A. No. C79-3858-WAI

Consolidated Packaging Corp. v. CPC International, Inc., et al., C.A. No. C79-3859-WAI

Federal Bake Shops, Inc., etc. v. CPC International, Inc., et al., C.A. No. C79-3867-WAI

Bear Stewart Corp. v. CPC International, Inc., et al. C.A. No. C79-3866-WAI

G. Heileman Brewing Co., Inc. v. CPC International, Inc., et al., C.A. No. C79-3958-WAI

Plantation Confection Co., Inc. v. CPC International, Inc., et al., C.A. No. C79-3959-WAI

Sethness Greenleaf, Inc. v. CPC International, Inc., et al., C.A. No. C79-3810-WAI

Korboro Oil Corp. v. CPC International, Inc., et al., C.A. No. C80-36-WAI

Eastern Candy Co., Inc. v. CPC International, Inc., et al., C.A. No. C80-37-WAI

Kalva Corp. v. CPC International, Inc., et al., C.A. No. C80-38-WAI

Continental Markets, Inc. v. CPC International, Inc., et al., C.A. No. C80-55-CBR

General Brewing Co. v. CPC International, Inc., et al., C.A. No. C80-140-AJZ

Marstan Industries, Inc. v. CPC International, Inc., et al., C.A. No. C80-120-WAI

Superior Beverage Co., Inc. v. CPC International, Inc., et al., C.A. No. C80-39-WAI

Esco Foods, Inc. v. CPC International, Inc., et al., C.A. No. C80-45-SW

Keystone Co. v. CPC International, Inc., et al., C.A. No. C80-50-CBR

Central District of California

Arden Farms Distribution Co. of Southern California v. CPC International, Inc., et al., C.A. No. CV80-80-DWW

Eastern District of Pennsylvania

Bodines, Inc. v. CPC International, Inc., et al., C.A. No. 79-4596

Golden Quality Ice Cream Co. v. A. E. Staley Manufacturing Co., et al., C.A. No. 79-4654

Kelco Industries, etc. v. CPC International, Inc., et al., C.A. No. 79-4659

Finkelstein's Farm v. CPC International, Inc., et al., C.A. No. 80-48

DOCKET NO. 414

SCHEDULE A                                          page 2

    District of Minnesota
Pan-O-Gold Baking Co. v. CPC International, Inc., et al.,
  C.A. No. 3-79-638
Land O'Lakes, Inc., etc. v. CPC International, Inc., et al.,
  C.A. No. 4-80-96
    District of New Jersey
Land O'Lakes, Inc., etc. v. CPC International, Inc., et al.,
  C.A. No. 80-185